# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CARLTON X. MATHEWS,**
**DOC # J027519,**

     **Plaintiff,**

**vs.**                     **Case No. 4:21cv57-TKW-MAF**

**SERGEANT G. BURKE, et al.,**

     **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se with in forma pauperis status, *see* ECF No. 6, has file a second amended complaint, ECF No. 19. That pleading has now been reviewed as required by 28 U.S.C. § 1915A, and pursuant to 28 U.S.C. § 1915(g). Notably, it has been discovered that Plaintiff is a "three strike" litigant who did not disclose that information to the Court in his initial filings.[1] *See* ECF No. 1-2, 5, and 15-18. Plaintiff

---

[1] Plaintiff filed case number 3:17cv1424-MMH-MCR in the United States District Court for the Middle District of Florida, but it was immediately dismissed because Plaintiff "had three or more prior qualifying dismissals and [was] not under imminent danger of serious physical injury." ECF No. 4 of that case. It appears that Plaintiff may have filed as many as nine prior actions in federal court.

recently acknowledged[2] that status, ECF No. 17 at 1, and he was warned[3] that to proceed with this case, he must demonstrate that he faces "imminent danger."  ECF No. 18.  If he conceded "that he is not, and was not, facing imminent danger at the time the case was initiated," Plaintiff was advised to file a notice of voluntary dismissal.  *Id.*  Plaintiff chose to file a second amended complaint.  ECF No. 19.

Plaintiff alleges that in October of 2020, he and another inmate had "a violent altercation."  ECF No. 19 at 5.  He alleges that he suffered head injuries from being attacked with a lock in a sock and had broken ribs.  *Id.* at 5-6.  He "begged" the nurse to call an ambulance for him, but the nurse told him he "did not need outside medical treatment."  *Id.*  Plaintiff claims the two nurses who examined him failed to give him pain medication and

---

[2] Plaintiff did not use the court form as required when he initiated this case.  Had he done so and properly completed the form, Plaintiff would have disclosed information about his litigation history and it would been obvious that Plaintiff had "three strikes." Instead, Plaintiff intentionally did not use the form and wrote his own "complaint" in which he omitted any information about his litigation history.  ECF No. 1.

[3] Plaintiff was also warned in the first Order entered in this case that 28 U.S.C. § 1915(g) prohibited actions from proceeding without pre-payment of the full amount of the filing fee if a prisoner had "three strikes" unless he was under imminent danger of serious physical injury.  ECF No. 4 at 4.  Thus Plaintiff was given notice up front about the limitations imposed by § 1915(g), and such notice was given prior to Plaintiff's filing of his in forma pauperis motion, ECF No. 5, which resulted in imposition of the lien on his inmate account, ECF No. 6, and which Plaintiff later sought to eliminate.  ECF No. 17 at 1-2.  Moreover, Plaintiff is not unfamiliar with federal court litigation since he has "three strikes."

did not schedule an examination with a physician. *Id.* at 6. Plaintiff said that he made repeated requests to the medical department "for months" about chronic headaches, but staff have refused to schedule him for a CT scan. *Id.*

On October 22, 2020, Plaintiff declared a medical emergency to Defendant Burke. *Id.* at 7. The Defendant allegedly told Plaintiff there was nothing wrong with him and refused to take Plaintiff to medical in a wheelchair, although he did escort Plaintiff to the medical department. *Id.* Plaintiff was again denied medical care, but importantly, Defendant Burke allegedly told Plaintiff that he had "kin people" working where Plaintiff was going, and he told Plaintiff he would have his "cousin kick your ass when you get to Santa Rosa." *Id.* at 9.

Plaintiff contends that approximately one month later, he was transferred to Santa Rosa Correctional Institution. ECF No. 19 at 9. When Plaintiff was escorted from the shower back to his cell, he asked the officer why he trashed his cell and scattered his legal documents all over the cell. *Id.* The unidentified officer appears to have indicated that it was because of his cousin. *Id.* at 9. The officer then threatened Plaintiff and said that his cousin told him to beat Plaintiff's ass. *Id.* at 10. The officer said, "I'm

going to do more than beat your ass, I'm going to kill your ass if I get a chance." *Id.*

Plaintiff alleges that the officer works where Plaintiff is housed every two or three weeks. *Id.* He threatens to use "oc spray" on Plaintiff and put him on "strip (in a cell with no mattress, clothes, property, and etc.)." *Id.* In addition, Plaintiff contends he still is denied medical care and is refused a CT scan." *Id.*

What is telling about this case is that the vast majority of Plaintiff's factual allegations are about events at Franklin Correctional Institution. ECF No. 19. The only named Defendants are Sergeant Burke and the two Jane Doe nurses. *Id.* at 1-3. The only claims alleged are against those Defendants for "deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment." *Id.* at 11.

Plaintiff is no longer housed at Franklin Correctional Institution. Notably, he has not brought a claim against the "unidentified officer" who allegedly threatened him at Santa Rosa Correctional Institution. Plaintiff has not asserted that he is in imminent danger, he has not claimed that he needs protection, he has not alleged that he is in fear, and he has not alleged that the unidentified officer has tried to harm him. Indeed, Plaintiff's

only request for injunctive relief was to be provided a CT scan. *Id.* at 12.

Beyond that, Plaintiff requested compensatory and punitive damages from

each Defendant. *Id.*

Plaintiff has not sufficiently alleged that he faces "imminent danger of

serious physical injury" as required by 28 U.S.C. § 1915(g) because such

allegations must demonstrate future harm, not past harm. Medberry v.

Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (stating that "a prisoner's

allegation that he faced imminent danger sometime in the past is an

insufficient basis") (quoted in Jacoby v. Lanier, 850 F. App;x 685, 688 (11th

Cir. 2021). Plaintiff's claims here are predominantly about past events at a

prior institution.  He has not sufficiently presented allegations of future

harm because he asserted only a general or speculative harm by an

unidentified official.  That conclusion is reinforced by the fact that Plaintiff

does not know the officer's name and has not named him as a Defendant

in this case.  Instead, this case is about the denial of medical care in the

past only.  As such, this case cannot continue and should be dismissed

pursuant to 28 U.S.C. § 1915(g).

Even if Plaintiff were not facing the limitations imposed by the "three strikes" provision, this complaint is insufficient.  Plaintiff's complaint is about the denial of a CT scan for his headaches.

It is true that the a prison official's deliberate indifference to a prisoner's serious medical needs of prisoners violates the Eighth Amendment's prohibition against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotations omitted) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)).  "In either of these situations, the medical need must be 'one that, if left unattended, 'pos[es] a substantial risk of serious harm.'"  Farrow, 320 F.3d at 1243 (citation omitted); see also Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009).  Here, Plaintiff complains only about having ongoing headaches.  He has not demonstrated that his headaches present "a serious medical need," nor has he shown that his headaches are severe and not treatable by pain medication.

Furthermore, a claim for the denial of medical care requires a plaintiff must show: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), cert. denied, 531 U.S. 1077 (2001). Beyond not showing such a need, Plaintiff has not demonstrated an objectively insufficient response by the Defendants. "[N]ot 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted) (quoted in Farrow, 320 F.3d at 1243). For example, medical malpractice does not constitute deliberate indifference. Estelle, 429 U.S. at 106, 97 S. Ct. at 292. "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)). "A 'complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'" Estelle, 429 U.S. at 106, 97

S.Ct. at 292 (quoted in <u>Bingham</u>, 654 F.3d at 1176).  For example, the

prisoner in <u>Estelle</u> received treatment for his back injury, but complained

that more should have been done in the way of diagnosis.  The Court

rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic
> techniques or forms of treatment--is indicated is a classic
> example of a matter for medical judgment.  A medical decision
> not to order an X-ray, or like measures, does not represent
> cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293.  This case is premised on Plaintiff's

disagreement with the decision to not order a CT scan.   Because that is an

insufficient Eighth Amendment claim, this case should be dismissed.

Finally, it is noted that Plaintiff was already granted in forma pauperis

status in this case.  ECF No. 6.  In the usual case, a prisoner's motion for in

forma pauperis status is denied and the case dismissed under § 1915(g).

Here, however, Plaintiff was granted in forma pauperis status because

Plaintiff sought to mislead the Court and not disclose his litigation history.

He should not be relieved of his obligation to pay the filing fee which was

assessed prior to the discovery that Plaintiff had "three strikes."  It is true

that Plaintiff included one page at the very end of his complaint that

suggested or implied that he had three strikes, ECF No. 1 at 21, but

Plaintiff buried that information.  He did not use the complaint form as required at the time of case initiation and he did not clearly disclose his litigation history.  Had Plaintiff done so, this case would have ended months ago.

Moreover, after review of Plaintiff's initial complaint,[4] he was required to file an amended complaint and specifically directed to "honestly disclose all prior cases."  ECF No. 12 at 3.  Plaintiff submitted a first amended complaint, ECF No. 15, and then a second amended complaint, ECF No. 19.  In both instances, Plaintiff intentionally failed to provide his litigation history and omitted the pages of the complaint form which require prisoners to disclose that information.  Further, in the second amended complaint, Plaintiff failed to answer the question which asks whether Plaintiff has had "any case dismissed for a reason listed in § 1915(g) which counts as a strike?"  ECF No. 19 at 4.  Plaintiff left that question blank.  His doing so suggests that he was attempting to avoid making any statements which would remind the Court that he must show imminent danger.

---

[4] As a general matter, a prisoner's complaint is not reviewed until after he is granted in forma pauperis status and pays the assessed initial partial filing fee.

Case No. 4:21cv57-TKW-MAF

Accordingly, because the imposition of the filing fee was due to Plaintiff's own actions, and he has continued to act in bad faith by not disclosing his litigation history, Plaintiff should not be relieved of the obligation to pay the balance of the filing fee.  Furthermore, this case should be dismissed pursuant to § 1915(g) because Plaintiff has not shown that he faces imminent danger and, moreover, because the complaint fails to state a claim upon which relief may be granted.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) and because Plaintiff's second amended complaint, ECF No. 19, fails to state a claim upon which relief may be granted.  It is also **RECOMMENDED** that the Order adopting this Reportand Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 16, 2021.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.